UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| GARY GIANNINI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CARPENTERS PENSION TRUST FUND<br>FOR NORTHERN CALIFORNIA,<br><br>　　　　Defendant.<br>_____/ | No. C 14-05227 LB<br><br>**ORDER (1) DISCHARGING THE ORDER TO SHOW CAUSE, (2) GRANTING DEFENDANT'S MOTION TO DISMISS, AND (3) INFORMING PLAINTIFF OF THE LEGAL HELP CENTER**<br><br>[Re: ECF No. 5] |

## INTRODUCTION

Plaintiff Gary Giannini filed a breach of contract claim and a "failure to notify" claim against Defendant Carpenters Pension Trust Fund for Northern California (the "Fund") in state court. The Fund removed the action to federal court, and now moves to dismiss Mr. Giannini's claims, arguing that they are preempted under the Employee Retirement Income Security Act of 1974 ("ERISA"). (*See* Notice of Removal, ECF No. 1; Motion, ECF No. 5.[1]) Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the February 12, 2015 hearing. For the reasons explained below, the court finds that the Fund has met its burden to show that the court has subject-matter jurisdiction over the action. And upon consideration of the papers submitted and the applicable legal authority, the court grants the Fund's motion to dismiss.

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**STATEMENT**

On May 27, 2014, Mr. Giannini filed a complaint in Contra Costa County Superior Court against the Fund for breach of contract and "failure to notify." (Complaint, ECF No. 1 at 8-9.) He seeks $17,500. (*Id.* at 9.) His complaint refers to allegations made in an "attached declaration," but none was attached. (*See id.*) His case management statement, however, makes clear that he has sued the Fund for "withholding of retirement funds due to lack of appropriate notice." (Case Management Statement, ECF No. 1 at 10.)

On November 25, 2014, the Fund removed the action to this court, asserting federal question subject-matter jurisdiction. (Notice of Removal, ECF No. 1 at 2.) The Fund argues that federal question jurisdiction exists because Mr. Giannini's claims are "completely preempted" by ERISA. (*Id.*) It says that "the gravamen of the Complaint[] is to seek benefits from a pension plan governed by" ERISA. (*Id.*)

Thereafter, on December 2, 2014, the Fund filed a motion to dismiss Mr. Giannini's action because his claims are completely preempted by ERISA. (Motion, ECF No. 5.) Although Mr. Giannini was served with the motion, he failed to file an opposition to it within the deadline for doing so. Nevertheless, in light of Mr. Giannini's pro se status, the court issued an order extending the deadline for him to file an opposition and making clear to him that if he did not file an opposition, he risked having the court grant the Fund's motion and dismiss his action. (12/24/2014 Order, ECF No. 11.) Mr. Giannini then filed a opposition on January 8, 2015, which states (in the declaration attached to it) that he "was never informed hat [he] was supposed to send a copy of my [Social Security Disability Insurance] award letter to [the Fund] within 90 days of receiving it." (Opposition, ECF No. 13 at 6.[2]) The Fund filed a reply to Mr. Giannini's opposition on January 15, 2015. (Reply, ECF No. 15.)

Upon further review of the Fund's notice of removal, it became clear that the Fund had not

---

[2] Even though Mr. Giannini's opposition was styled as a motion for summary judgment, it clearly was not, so the court issued an order construing it as an opposition to the Fund's motion. (1/13/2015 Order, ECF No. 14.) In his opposition, Mr. Giannini also declares that he invokes the Seventh Amendment (right to a jury trial), but this is inapposite to the Fund's ERISA preemption argument. (Opposition, ECF No. 13 at 6.)

1    adequately supported its assertion of federal question jurisdiction. Accordingly, on January 23,
2    2015, the court sua sponte ordered the Fund to show cause why the action should not be remanded
3    back to state court. (OSC, ECF No. 16.[3]) The court ordered the Fund to provide a response in
4    writing no later than January 30, 2015. (*Id.*) In response, the Fund filed the Declaration of Gene
5    Price, Plan Administrator for the Fund, who stated that the Fund was established by, and is
6    administered in accordance with, ERISA. (Price Decl., ¶ 3, ECF No. 17-1 at 2.) Mr. Price also
7    attached a copy of the Plan and its Summary Plan Description, which also makes clear that the Plan
8    is governed by ERISA. (*Id.*, Ex. 1, ECF No. 17-1 at 3-206.) He also attached a written appeal,
9    dated December 20, 2012, from Mr. Giannini, in which Mr. Giannini says, "I am "appealing the
10   denial of retroactive disability pension effective date, because I was unaware that the SSDI award
11   had to be sent to C&H Welfare within 90 days. I called in August and October [and] no analysts
12   told [me] to mail or fax it." (*Id.*, Ex. 2, ECF No. 17-1 at 207-08.) He also attached the Fund's
13   February 7, 2013 written denial of Mr. Giannini's appeal. (*Id.*, Ex. 3, ECF No. 17-1 at 209-10.)

**ANALYSIS**

**I. LEGAL STANDARD**

   **A. Rule 12(b)(6)**

   A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is

---

[3] If at any time before final judgment, it appears the court lacks subject-matter jurisdiction, the court may remand the case to state court either sua sponte or on motion of a party. *See* 28 U.S.C. 1447(c); *see*, *e.g.*, *Cattarin v. Kraft Foods N.A., Inc. Tip Plan*, No. 09-CV-534A, 2009 WL 3459662, at *2 (W.D.N.Y. Oct. 19, 2009) (court sua sponte raised the issue of whether it had subject-matter jurisdiction based on complete preemption under ERISA); *Chesters v. Welles-Snowden*, 444 F. Supp. 2d 342, 343 (D. Md. 2006) (same).. The party who invoked the federal court's jurisdiction has the burden of establishing it. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

1  not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant
2  has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.). "While a complaint attacked by a
3  Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to
4  provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a
5  formulaic recitation of the elements of a cause of action will not do. Factual allegations must be
6  enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal
7  citations and parentheticals omitted).

8  In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true
9  and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551
10 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).
11 If the court dismisses the complaint, it should grant leave to amend even if no request to amend
12 is made "unless it determines that the pleading could not possibly be cured by the allegation of other
13 facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc.*
14 *v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party
15 repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See*
16 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where
17 district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim
18 with leave to amend).

19 **II. DISCUSSION**

20 The Fund argues, in both its notice of removal and its motion to dismiss, that Mr. Giannini's
21 claim is completely preempted by ERISA. The court agrees.

22 A state law claim may be subject to "complete preemption" or "conflict preemption" under
23 ERISA. If a state law claim is subject to complete preemption under the civil enforcement
24 provisions of ERISA § 502(a), it may be removed under 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441
25 (defendant may remove case brought in state court if federal district courts have original
26 jurisdiction); 28 U.S.C. § 1331 (federal district courts have original jurisdiction over claims arising
27 under the Constitution, treaties, or laws of the United States); *Marin General Hosp., v. Modesto &*
28

1 *Empire Traction Co.*, 581 F.3d 941, 944-46 (9th Cir. 2009).[4]

2 If, however, a state claim is subject only to conflict preemption under ERISA § 514(a), ERISA
3 provides only a federal defense. *See* 29 U.S.C. § 1144(a) (relevant provisions of ERISA shall
4 supersede state law insofar as they relate to any non-exempt ERISA employee benefit plan); *Marin*
5 *General Hosp.*, 581 F.3d at 949. What this means is that with conflict preemption, a state claim is
6 not converted into an action "arising under federal law," and removal is improper. *Metro. Life*
7 *Ins. Co.*, 481 U.S. at 64; *see also Marin General Hosp.*, 581 F.3d at 945.

8 As the removing party, the Fund has the burden of proving that jurisdiction exists. That requires
9 the Fund to demonstrate by a preponderance of the evidence that Mr. Giannini's state law claims are
10 subject to complete preemption under ERISA § 502(a). *See Sanchez v. Monumental Life Ins. Co.*,
11 102 F.3d 398, 403-04 (9th Cir. 1996); *Nishimoto v. Federman-Bachrach & Assoc.*, 980 F.2d 709,
12 712 n.3 (9th Cir. 1990). To do this, the Fund must prove that Mr. Giannini's state law claims are
13 encompassed in ERISA's civil enforcement scheme set forth in ERISA § 502(a) by showing the
14 following: (1) that Mr. Giannini at some point in time could have brought its claims under ERISA §
15 502(a)(1)(B); and (2) there is no other independent legal duty implicated by the Fund's denial of
16 retirement benefits. *See Marin General Hosp.*, 518 F.3d at 946 (quoting test set forth in *Aetna*
17 *Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

18 The Fund has met its burden. As for the first prong of the *Davila* test, Mr. Giannini could have
19 brought his claims under ERISA § 502(a)(1)(B). The Plan Administrator for the Fund, Mr. Price,
20 stated that the Fund was established by, and is administered in accordance with, ERISA, and the
21 Plan and its Summary Plan Description confirms this. (Price Decl., ¶ 3, ECF No. 17-1 at 2; *id.*, Ex.
22 1, ECF No. 17-1 at 75, 94.) It is a covered plan. ERISA § 502(a)(1)(B) says that a civil action may
23 be brought by a participant or beneficiary "to recover benefits due to him under the terms of his

---

[4] In cases removed from state court, federal jurisdiction ordinarily must appear on the face of the well-pleaded complaint at the time of removal. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). Complete preemption under ERISA is an exception to this rule in that federal law displaces a plaintiff's state law claim, no matter how carefully pleaded. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Gregory v. SCIE, LLC*, 317 F.3d 1050, 1052 (9th Cir. 2003).

plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Mr. Giannini filed this action to recover the $17,500 that he believes he is owed under his ERISA-covered pension plan. Thus, he could have brought his claims under ERISA § 502(a)(1)(B).

The second prong of the Davila test is met "where there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210. State law legal duties are not independent of ERISA where "interpretation of the terms of [the] benefit plan forms an essential part" of the claim, and legal liability can exist "only because of [the] administration of ERISA-regulated benefit plans." *Id.* at 211. Here, the basis of Mr. Giannini's claims is that the Plan did not properly administer the Plan (i.e., it breached its obligations under the Plan), and he alleges no other independent legal duty violated by the Plan. The court also cannot discern one. Accordingly, the court finds that the second prong of the *Davila* test also is satisfied.

Because both *Davila* prongs are satisfied, the court finds that Mr. Giannini's breach of contract claim and "failure to notify" claim are completely preempted by ERISA and thus must be dismissed with prejudice. *See Guenther v. Lockheed Martin Corp.*, No. 5:11–CV–00380–EJD, 2012 WL 1155647, at *3 (N.D. Cal. Mar. 30, 2012) (dismissing with prejudice plaintiff's preempted breach of contract claim).[5]

## CONCLUSION

Based on the foregoing, the court grants the Fund's motion and dismisses with prejudice Mr. Giannini's breach of contract claim and his "failure to notify" claim with prejudice. However, because it is not clear whether it would be futile to allow Mr. Giannini to allege a claim against the Fund under ERISA § 502(a)(1)(B), the court dismisses without prejudice Mr. Giannini's complaint. *See Pizza v. Fin. Indus. Reg. Auth., Inc.*, No. C–13–0688 MMC, 2013 WL 1891405, at *4 (N.D. Cal. May 6, 2013) (dismissing complaint without prejudice where it was not clear whether an amendment to allege ERISA claims necessarily would be futile); *Puccio v. Standard Ins. Co.*, No. 12–cv–04640–JST, 2013 WL 1411155, at *6 (N.D. Cal. Apr. 8, 2013) (dismissing plaintiff's

---

[5] Because the court finds Mr. Giannini's claims to be completely preempted under ERISA, the court also discharges its order to show cause.

preempted defamation claim with prejudice but allowing plaintiff leave to amend to add a claim under ERISA).

Accordingly, Mr. Giannini may file a First Amended Complaint that alleges a claim under ERISA § 502(a)(1)(B) by February 27, 2015.  Because he is proceeding pro se, the court reminds Mr. Giannini that the court previously provided him with a copy of the district court's *Handbook for Litigants Without a Lawyer*. (*See* 12/24/2014 Order (*Handbook* attached).)  It provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial.  It may be download a copy at http://www.cand.uscourts.gov.

The court also informs Mr. Giannini that he may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  At the Legal Help Center, pro se litigants are able to speak with an attorney who may be able to provide basic legal help but not representation.

**IT IS SO ORDERED.**

Dated: February 5, 2014

_____
LAUREL BEELER
United States Magistrate Judge